**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

LINDA DALY,                          )
                                     )
Plaintiff,                           )
                                     )
    v.                           )    No. 2:15-CV-79
                                     )
HOME DEPOT U.S.A., INC.,             )
                                     )
Defendant.                           )

## OPINION AND ORDER

This matter is before the Court on the Notice of Removal filed on March 4, 2015. For the reasons set forth below, the case is **REMANDED** back to the Lake Superior Court, Indiana, on the basis that this Court lacks subject matter jurisdiction over this controversy. Plaintiff's request for attorney's fees, contained in the response brief (DE #13) is **DENIED.**

BACKGROUND

Linda Daly ("Daly") filed a complaint in the Lake Superior Court on January 22, 2015, alleging that her prior employer, Home Depot, U.S.A. Inc. ("Home Depot"), falsely imprisoned her in violation of Indiana law. Home Depot filed a notice of removal with this Court on March 4, 2015, asserting that this Court has jurisdiction because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

On May 18, 2015, this Court indicated that Home Depot had not yet met its burden of demonstrating a factual basis for its belief that Daly's claims are valued in excess of $75,000. The Court directed Home Depot to file a statement demonstrating the basis for its assertion that the amount in controversy is in excess of $75,000.

On June 9, 2015, Home Depot filed a statement that, in substance, states only the following:

> 1.    Plaintiff Linda Daly alleges a false imprisonment claim against Home Depot arising out of an incident that occurred on September 10, 2014. As a result of the alleged false imprisonment, Daly claims that she was forced to sign a document admitting fault and acknowledging a debt owed to Home Depot in excess of $50,000.
> 2.    She also claims to have suffered mental anguish, severe emotional distress, and public humiliation.
> 3.    Accordingly, Daly's claim that she was forced to sign a document admitting a debt to Home Depot in excess of $50,000, when combined with her claims for mental anguish, several [sic] emotional distress and public humiliation, establish that her claims, in total, exceed the Court's $75,000 jurisdictional threshold.

(DE #12).

In response, Daly has indicated that the reference in her complaint to the $50,000 debt was made to show the "extent to which The Home Depot went to obtain an acknowledgment of an unsupported, unproven theft or loss." (DE #13 at 2). The reference to the $50,000 debt was not raised as a category of damages stemming from

her alleged false arrest. Counsel for Daly further indicates in his response that he offered to enter into a stipulation to limit damages to $75,000 before the May 14, 2015, pre-trial conference and again at the conference. Both times counsel for Home Depot indicated he would need to check with his client. Counsel for Daly also requests attorney's fees.

In reply, counsel for Home Depot alleges that the statement in response to this Court's jurisdictional concerns was filed after reading only the text of the docket entry, not the Court's order. Apparently the order was somehow overlooked. Counsel for Home Depot suggests that, had he read the order, he would have understood that the Court had concerns and provided a more detailed statement. Yet, the reply offers no more information to support Home Depot's jurisdictional claims than either the Notice of Removal or the initial statement filed on June 9, 2015. While urging the Court to find that it has jurisdiction, Home Depot's counsel also states that the offer to stipulate that damages were below the amount in controversy was never rejected and "Home Depot stands ready and willing to allow the matter to be remanded to State Court in exchange for the stipulation." (DE #14 at 3). Despite the apparent agreement of the parties that a stipulation that damages are less than $75,000 is appropriate, no stipulation has been filed with the Court.

<u>DISCUSSION</u>

Home Depot has the burden of showing that this case was removable. *Wellness Cmty-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 878 (N.D. Ind. 2001) ("when a federal court's exercise of jurisdiction is challenged following removal, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal."); *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991).

The federal courts have limited jurisdiction. *Wellness*, 70 F.3d at 50. A federal court has diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties to the suit are citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a case that is properly filed in state court if that case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

Here, Home Depot has made almost no effort to satisfy this Court's jurisdictional concerns. The complaint does not seek to invalidate the document acknowledging a debt to Home Depot of $50,000, does not allege that any portion of that debt was satisfied, and does not seek the return of any sums paid as a result of this agreement. In fact, the only damages the complaint appears to seek are damages for mental anguish, severe emotional distress, and public humiliation as a result of being held by her

employer for a period of approximately six hours, arrested, taken to the police station, and released without charges being filed against her. These facts, when combined with counsel for Daly's willingness to stipulate that damages are less than $75,000 and counsel for Home Depot's stated willingness to accept such a stipulation, demonstrated that remand is proper.

The only other issue is whether Daly should be awarded attorney's fees. As the Supreme Court has stated, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Under Seventh Circuit law, "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

As the court in *Parks v. Guidant Corp.*, 402 F.Supp.2d 964, 971 (N.D. Ind. 2005), stated:

> The district court has a broad discretion in deciding whether to award fees under § 1447(c). In this circuit, plaintiffs who prevail on a remand motion are presumptively entitled to attorneys' fees. The presumption, of course, is rebuttable.

Home Depot's reply does not address Daly's request for attorney's fees. The Court notes that counsel for Daly, as an officer of the

Court, has asserted that he offered to stipulate that damages were under $75,000 twice prior to the filing of Home Depot's statement in support of jurisdiction. Counsel for Home Depot does not dispute this assertion. This weight in favor of granting an award of attorney's fees. Nonetheless, Home Depot's belief that the amount in controversy exceeded $75,000 at the time of removal, based on the categories of damages claimed and the allegations regarding the forced promise to pay Home Depot over $50,000, support a finding that Home Depot's position was not unreasonable. Accordingly, the request for attorney's fees is **DENIED.**

CONCLUSION

For the reasons set forth above, the case is **REMANDED** back to the Lake Superior Court, Indiana, on the basis that this Court lacks subject matter jurisdiction over this controversy. Additionally, the request for attorney's fees contained in Daly's response brief (DE # 13) is **DENIED.**

DATED: June 17, 2015                    /s/ RUDY LOZANO, Judge
                                        United States District Court